[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
The plaintiff brought this summary process action claiming non-payment of the rent that was due on September 1, 1993. The defendants filed two special defenses. The first special defense claimed the defendants had no obligation to tender rent to the plaintiff since there existed conditions in the premises that violated provisions of State law, specifically, misplaced smoke detectors. The defendants' second special defense was withdrawn on the second day of trial.
The court finds during the month of September, 1993 and for a extended period of time prior thereto, the premises occupied by the defendants consisted of the top two floors of a three story, two family building. On the first floor of the defendants' premises were a living room, kitchen, bathroom and two bedrooms. On the second floor of the defendants' premises were two bedrooms and an open area that could be used as a bedroom. A smoke detector was installed on the ceiling of the open area of the second floor of the defendants' premises. No smoke detector was installed on the first floor of the defendants' premises. CT Page 11342
"General Statutes 47a-7(a) requires a landlord to, inter alia, `comply with the requirements of . . . all applicable building and housing codes materially affecting health and safety . . . .' Subsection (b) states that `if any . . . fire code requires a greater duty of the landlord than is imposed under subsection (a) . . . then such provision . . . shall take precedence over the provision requiring such lesser duty in said subsection.' Section 7-6.2.9 of the Connecticut Fire Safety Code which adopts NFPA 74 2-1.1.1 requires a smoke detector to be installed outside each sleeping area" in the immediate vicinity of the bedrooms. Chauncey Harris Assoc. v. Mamie Brathwaite, SPH 9011-58241 (Hartford Decision #951), 1991. The court finds the plaintiff has violated General Statutes 47a-7(a) by not having smoke detectors installed outside the two bedrooms on the first floor of the defendants' premises. Therefore, the defendants were not obligated to pay rent during the time the smoke detectors were not installed outside said bedrooms. The defendants were not obligated to pay the rent that was due on September 1, 1993. Id. See General Statutes 47a-4a; Tucker v. Lopez, 38 Conn. Sup. 62, (1982); Wyllys Associates v. Carmen Ortiz, SPH 8801-42389D (Hartford Decision #862), (1988).
Judgment may enter in favor of the defendants.
Mintz, J.